Todd Pickles (SBN CA 215629)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, California 95814
Telephone: 916.442.1111
Facsimile: 916.448.1709
picklest@gtlaw.com

Attorney for Defendant Mark Schena

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Mark Schena,<br><br>    Defendant. | CASE NO. 5:20-cr-00425-EJD<br><br>**STATUS REPORT AND REQUEST TO CONTINUE TRIAL DATE**<br><br>DATE:    August 30, 2021<br>TIME:    9:00 a.m.<br>CTRM:    4 (VIA WEBINAR)<br>JUDGE:    Honorable Edward J. Davila |

TO THIS HONORABLE COURT AND TO THE GOVERNMENT AND ITS COUNSEL:

Counsel for Defendant Mark Schena hereby submits this status report to advise the Court and the Government that despite his intentions and efforts, Mr. Schena has not yet obtained the funds necessary to prepare for trial on the date currently scheduled and, consequently, Mr. Schena respectfully requests that the Court vacate the current trial date and set a new date in order for Mr. Schena's counsel to be effectively prepared to represent Mr. Schena at trial.

As the Court is aware, Mr. Schena was originally charged by criminal complaint in July 2020 alleging healthcare fraud and securities in connection with a company called Arrayit Corp. Arrayit was in the market of providing testing services for various allergens and Mr. Schena was its president. The grand jury returned an indictment in December 2020 and the parties first appeared before this Court on January 4, 2021. The parties appeared again on January 25, 2021, at which hearing the Court set the trial date of November 30, 2021.

Thereafter, in May 2021, the parties submitted a proposed scheduling order based upon the November 30, 2021 trial date. A few days later in May 2021 the Government filed a superseding indictment that added additional counts against Mr. Schena. To date, the Government has produced over 400,000 pages of records in addition to numerous drives containing telephone and email records. The most recent production occurred within the past few weeks. Defense counsel is aware of at least four criminal cases that the Government has related to this matter that assert different conspiracies that allegedly intersect with Mr. Schena. Based upon the affidavit filed by the Government in connection with the criminal complaint as well as the discovery produced to the defense to date, it is anticipated that the Government will call one or more experts as part of its case-in-chief as well as numerous other witnesses, including cooperating defendants. It is thus fair to characterize the case as complex both in the nature of the allegations and the evidence that may be presented at trial.

Mr. Schena has retained private counsel. At the time the trial date was set in January 2021 through the submission of the stipulation regarding scheduling in May 2021 and up through the hearing on August 2, 2021, it was Mr. Schena's hope that the funds would be obtained to use for preparation of the trial in November and Mr. Schena has been working towards that goal. For example, in February 2021, Mr. Schena moved the Court to remove the deed of trust on his and his wife's residence that the Government had requested as a term of pretrial release. Although Mr. Schena succeeded in that motion before Judge Beeler, it was not until late June 2021 that he was finally able to complete the process of actually getting the reconveyance deed recorded with the Santa Clara County Recorder's Office to remove the deed of trust and clear that from title. Since then, Mr. Schena has continued to attempt to obtain funds in connection with his home, including working with a realtor to market and sell the house as well as exploring obtaining a line of credit based upon the equity in their home.

As Mr. Schena's counsel advised the Court at the prior hearing on August 2, Mr. Schena had not yet obtained funds necessary to retain experts and so the Court postponed expert disclosures deadlines under the existing scheduling order. Rather than set new deadlines at that time, defense counsel requested the parties appear at the currently scheduled hearing to advise the Court on the status of the case. As defense counsel noted at the prior hearing, Mr. Schena was not yet requesting to change the trial date but noted that there was uncertainty as to the trial date. At that time, the hope was still that the funds would be

obtained shortly after the August 2 hearing such that the defense would be in a position to engage with the Court and the Government to alter the existing schedule but possibly maintaining the current trial date.

Unfortunately, as of the date of this report, Mr. Schena has not yet been able to secure the necessary litigation funds, including through the attempted sale of his house. The consequence has been that Mr. Schena has not been able to retain the services of investigators to locate and interview witnesses or other evidence necessary for trial. Mr. Schena has also been unable to retain expert witnesses in connection with various aspects of this matter, including in response to the expert testimony anticipated from the government's own experts. Given the complexity of the case and the nature of the evidence anticipated to be presented by the Government at trial, defense counsel cannot effectively represent Mr. Schena at the trial without these critical steps being taken. Thus, although Mr. Schena himself has desired and continues to desire to move the case forward expeditiously, he also understands the needs for his counsel to be prepared, including that this requires retaining the services of investigators and experts, and that all of this requires funds that he has yet to secure despite his efforts. As such, Mr. Schena reluctantly requests that the current trial date be vacated and that the Court set a new date after consultation with the parties regarding availability for a new date.

This Court has wide discretion to continue trial dates. *See, e.g., United States v. Flynt*, 756 F.2d 1352, 1358-1361 (9th Cir. 1985). Of note, this is the first request for a continuance by Mr. Schena, who waited as long as reasonably possible to make this request in the hopes of securing funding. Defense counsel is unaware of any severe inconvenience to the Government or any Government witnesses (all of the Government's cooperating defendants are out of custody without conditions). To the contrary, Mr. Schena seeks this relief at the present time precisely to avoid the Court, the Government, or witnesses being inconvenienced with a request closer to the trial date. The reasons for the delay are based upon Mr. Schena's legitimate need to obtain funds for trial preparation, which relies in part on decision of third parties beyond Mr. Schena's control, and which are critical for preparation for trial. Most saliently, counsel cannot be reasonably prepared to effectively represent Mr. Schena at a trial given the current situation of not having been able to retain experts or investigators in connection with a complex white-collar prosecution, which will severely prejudice Mr. Schena and constitute a miscarriage of justice. Despite the best intentions and efforts, Mr. Schena finds himself in the position of not being able to proceed to trial on

the current date.

    For all of these reasons, the Court should vacate the trial date of November 30, 2021 and set a new date upon conferring with parties at the status hearing, and with an order excluding time under the Speedy Trial Act for defense preparation through the newly set trial date.

                                                    Respectfully submitted,

DATED:  August 24, 2021                        GREENBERG TRAURIG, LLP

                                                By: */s/ Todd Pickles*
                                                     Todd Pickles
                                                     Attorney for Defendant Mark Schena